Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| JERRY ALEMÁN ROQUE<br><br>Apelante<br><br>V.<br><br>SERGIO COLÓN VARGAS, BRUNILDA VARGAS BECERRIL<br><br>Apelados | TA2026AP00237 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2021CV02710<br><br>Sobre: Desahucio en Precario |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 29 de junio de 2026.

El 4 de marzo de 2026, compareció ante este Tribunal de Apelaciones, el señor Jerry Alemán Roque (en adelante, señor Alemán Roque o parte apelante), mediante *Apelación Civil.* Por medio de esta, nos solicita que revisemos la *Sentencia* emitida el 28 de enero de 2026, y notificada el 2 de febrero de 2026, por el Tribunal de Primera Instancia, Sala Superior de Bayamón. En virtud del aludido dictamen, el foro *a quo* declaró No Ha Lugar la demanda instada por la parte apelante.

Por los fundamentos que adelante se esbozan, se *confirma* la *Sentencia* apelada.

## I

La controversia que suscitó la controversia de epígrafe, se remonta a una *Demanda* sobre desahucio ordinario, instada por la parte apelante, en contra del señor Sergio Colón Vargas y la señora Brunilda Vargas Becerril (en adelante y en conjunto, parte apelada). En su petitorio, adujo ser el dueño de una propiedad descrita de la siguiente forma:

-----RÚSTICA: Parcela marcada con el número cincuenta y uno (51) en el plano de parcelación de la comunidad rural San Antonio del Barrio Higuillar del término municipal de Dorado, con una cabida superficial de cero cuerdas con dos mil novecientos doce diezmilésimas de otra (0.2912 cda), equivalente a mil ciento cuarenta y cuatro punto cincuenta y siete metros cuadrados(1,144.57 mc). En lindes por el Norte, con parcela número cuarenta y siete (47) de la comunidad. Por el Sur, con la calle número uno (1) de la comunidad. Por el Este, con parcelas cuarenta y nueve (49) y cincuenta (50) de la comunidad. Por el Oeste, con parcela número cincuenta y uno (51) de la comunidad.-

Consta inscrita al folio 21 del tomo 99 de Dorado, finca número 4564, Registro de la Propiedad de Bayamón, Sección IV-----------------------------------------------------

Según la parte apelante, esta adquirió dicha propiedad mediante Escritura de Venta Judicial del 7 de diciembre de 2018. La parte apelante explicó que, la propiedad inicialmente perteneció a una comunidad hereditaria que fue liquidada mediante sentencia final y firme emitida el 24 de junio de 2015. Como parte de la aludida liquidación se llevó a cabo la venta judicial de la propiedad en cuestión, mediante la cual la adquirió la parte apelante. Asimismo, el señor Alemán Roque arguyó que, la parte apelada se había negado a desalojar la propiedad y continuaba viviendo en ella sin autorización o contrato, y sin emitir pago alguno, pese a las reiteradas solicitudes de desalojar la propiedad. Por lo anterior, solicitó al foro primario que ordenara el desahucio de la parte apelada y ordenara su lanzamiento.

Más adelante, la parte apelante presentó *Moción Solicitando Anotación de Rebeldía y Señalamiento para Vista*. Sostuvo que, había transcurrido el término de 30 días sin que la parte apelada hubiera presentado alegación responsiva alguna, y que por ello, procedía que se le anotara rebeldía.

Mediante *Resolución* emitida el 18 de agosto de 2021, el Tribunal de Primera Instancia declaró Ha Lugar la moción presentada por la parte apelante y le anotó rebeldía a la parte apelada.

El 18 de agosto de 2021, la parte apelada presentó *Moción Urgente Asumiendo Representación Legal y en Solicitud de Prórroga.* Entre otras cosas, solicitó al foro *a quo* la concesión de una prórroga de 45 días para contestar la *Demanda*. Dicha solicitud fue declarada Ha Lugar mediante *Resolución* emitida el 18 de agosto de 2021.

Asimismo, el 31 de agosto de 2021 mediante *Orden,* el foro de primera instancia dejó sin efecto la anotación de rebeldía.

La parte apelada presentó *Moción de Desestimación* el 4 de octubre de 2021. En primer lugar, sostuvo que, la controversia de epígrafe había sido resuelta por el foro primario en el caso número BY2019CV05083 y confirmado por el Tribunal de Apelaciones en el caso número KLAN202000102. La parte apelada adujo que, procedía la desestimación de la *Demanda* bajo el fundamento de cosa juzgada. En su moción, también explicó que, tanto en el Registro de la Propiedad como en la Escritura de Venta Judicial, no aparecía descripción alguna de las estructuras que existían en el terreno adquirido por la parte apelante. Añadió que, en el caso BY2019CV05083, el foro apelado determinó que de los documentos que obran en el expediente surgía que la estructura que ocupa la parte apelada no fue parte del negocio jurídico. Finalmente, le solicitó al foro primario que declarara Ha Lugar la solicitud de desestimación.

Por otro lado, la parte apelante presentó *Réplica y Oposición a Moción de Desestimación y Enmienda a las Alegaciones de la Demanda Bajo la Regla 13.1 de las de Procedimiento Civil.* Arguyó que, en el caso BY2019CV05083, el foro de primera instancia se abstuvo de resolver y decidió no dilucidar una controversia sobre titularidad de la estructura, y que, ello de por sí, derrotaba el planteamiento de cosa juzgada. Solicitó que, no se desestimara la *Demanda* y que se tuvieran por enmendadas las alegaciones de la *Demanda*.

El 9 de febrero de 2022, el Tribunal de Primera Instancia emitió *Resolución*. En virtud de esta, el foro *a quo* concluyó que las controversias ante su consideración no constituían cosa juzgada. Por tanto, declaró No Ha Lugar la *Moción de Desestimación*.

Posteriormente, la parte apelante presentó la *Demanda Enmendada*. Entre otras cosas, le solicitó al foro primario declarar el dominio y titularidad exclusiva sobre las estructuras edificadas sobre el terreno en cuestión, a favor de la parte apelante. Asimismo, solicitó que ordenara a la parte apelada desalojar la propiedad y permitiera el acceso inmediato a la parte apelante, mediante el correspondiente desahucio. Por otro lado, reclamó a la parte apelada el reembolso de las rentas en beneficio del apelante, desde la fecha de la venta judicial, el reembolso del pago del CRIM efectuado por el apelante, y el desahucio y lanzamiento de la parte apelada.

La parte apelada presentó *Contestación a Demanda y Reconvención*. Más adelante, la parte apelada presentó *Moción en Cumplimiento de Orden Suplementando Contestación a Demanda Enmendada*.

Transcurridas varias incidencias procesales innecesarias pormenorizar, se celebró el Juicio en su Fondo los días 9 y 10 de julio de 2025, 4 y 7 de agosto de 2025 y 15 de octubre de 2025.

Finalmente, el 28 de enero de 2026, el Tribunal de Primera Instancia emitió la *Sentencia* cuya revisión nos atiene. En dicha *Sentencia*, el foro primario esbozó las siguientes determinaciones de hechos:

1. Los demandados Sergio Colón Vargas y Brunilda Vargas Becerril son hijo y viuda del fallecido Sergio Colón Montañez respectivamente, y como tal, miembros de la sucesión de Sergio Colón Montañez. El Sr. Sergio Colón Montañez era, a su vez, hijo de doña María Luisa Montañez Olivo, fallecida el 4 de noviembre de 2005. El Sr. Sergio Colón Montañez falleció antes que su madre.

2. La señora Aida Luz Colón Montañez promovió un caso de división de comunidad hereditaria de la

causante María Luisa Montañez Olivo, fallecida el 4 de noviembre de 2005. La demanda fue presentada y, luego enmendada, el 15 de septiembre de 2014, bajo el caso número D AC2013-2312, Aida L. Colón Montañez v. Sucesión de Sergio Colón Montañez y otros, ante el Tribunal de Primera Instancia, Sala Superior de Bayamón.

3. Previo a ello, y en virtud de su derecho de representación de don Sergio Colón Montañez, Sergio Colón Vargas y Brunilda Vargas Becerril, habían sido reconocidos como herederos de doña María Luisa Montañez Olivo, mediante resolución judicial dictada el 31 de marzo de 2011 en el caso CD2010-2062.

4. Como parte de los procedimientos del caso D AC2013-2312, los aquí demandados sometieron su propuesta de cuaderno particional donde detallaban los bienes y obligaciones del caudal hereditario.

5. El 24 de junio de 2015, el tribunal dictó sentencia de división de comunidad hereditaria en el caso civil núm. D AC2013-2312, ordenando la partición, liquidación y adjudicación del caudal hereditario de doña María Luisa Montañez Olivo.

6. El 26 de octubre de 2018, el tribunal ordenó en el caso D AC2013- 2312, la ejecución de la Sentencia mediante la venta de la finca 4564, Parcela 51 Carretera 696, Comunidad Rural San Antonio, Barrio Higuillar, Dorado. La venta judicial se llevó a cabo el 7 de diciembre de 2018.

7. En la escritura de venta judicial se detallaron las distribuciones a los herederos de la Sucesión de María Luisa Montañez Olivo, de acuerdo con el cuaderno particional aprobado por el Tribunal.

8. A los aquí demandados y a los demás herederos se les adjudicó una cuantía producto de la venta jud[i]cial por sus derechos en el caudal hereditario.

9. El Tribunal de Primera Instancia llegó, entre otras, a las siguientes determinaciones de hechos en un caso posterior de desahucio BY2019CV05083, presentado por la parte aquí demandante y reconvenida:

    a. La Sucesión de Doña María Luisa Montañez Olivo estaba compuesta por Aida Luz Colón Montañez, Carmen Iris Colón Montañez y la Sucesión de Sergio Colón Montañez compuesta, a su vez, por su viuda Brunilda Vargas y sus hijos Darlene Colón, Leila Colón, Sergio Colón, José Colón, Denisse Colón y Héctor Colón.

    b. Como parte de los bienes hereditarios de la causante María Luisa Montañez Olivo había un

predio de terreno con cabida de 0.2912 cuerdas sito en Bo. Higuillar, Municipio de Dorado.

10. La parte demandada-reconveniente y la parte demandante reconvenida no han otorgado contrato de arrendamiento alguno.

11. Hace más de 40 años, don Sergio Colón Montañez construyó una casa en la propiedad sita en la carretera estatal núm. 696, Km. 1.3, Solar 51, sector San Antonio del barrio Higuillar, en el término municipal de Dorado, Puerto Rico. Desde entonces, la descrita propiedad conformó su residencia principal, hasta su fallecimiento el 29 de octubre de 2004.

12. Por tratarse de un bien privativo, la propiedad inmueble residencial de los demandados, sita en la carretera estatal núm. 696, Km. 1.3, parcela 51B, sector San Antonio del barrio Higuillar, en el término municipal de Dorado, Puerto Rico no formó parte del caudal hereditario ni del trámite de venta judicial.

13. Conforme el caso civil número D AC-2013-2312, la parte demandante-reconvenida advino dueña de un predio de terreno perteneciente a la sucesión de doña María Luisa Montañez Olivo, sin descripción de propiedad residencial enclavada. El demandante y reconvenido adquirió una finca por la cantidad de $80,000 y, conforme surge de la propia escritura, no se adjudicó propiedad inmueble alguna, sino solamente una parcela de terreno.

14. En la misma sentencia del Tribunal de Primera Instancia en el caso BY2019CV05083 se determinó que de los documentos que obran en el expediente se confirma que la estructura donde residen los demandados-reconvenientes no fue parte del negocio jurídico llevado a cabo por el demandante reconvenido. Lo anterior tomando en cuenta que la propiedad fue construida sustancialmente con dinero del [s]eñor Sergio Colón Montañez y/o su sucesión y la han ocupado por más de 40 años por lo que en el negocio jurídico de venta judicial no se podía vender la estructura, si la misma pertenecía a la parte demandada y reconvenida no a la sucesión. Tal determinación fue posteriormente reiterada por el Tribunal de Apelaciones en el caso Núm. KLAN202000102.

15. El aquí demandante solicitó en el caso BY2019CV05083 los mismos remedios reclamados en la demanda del epígrafe y su solicitud fue oportunamente desestimada.

De igual manera, el foro apelado resolvió lo siguiente:

Tomando conocimiento judicial del caso civil Núm. BY2019CV05083 y a base de la prueba

presentada y de las argumentaciones de las partes, concluimos que el terreno objeto de la venta judicial es propiedad del demandante. Sin embargo, no hay evidencia de que la estructura que ocupan los demandados, fuera parte del negocio jurídico de venta judicial. A juicio del tribunal y los documentos que obran en el expediente confirman que, la estructura que ocupan los demandados no fue parte del negocio jurídico mediante el que el demandante adquirió el terreno donde aquella enclava. El tribunal le dio credibilidad a los testimonios que establecieron que la estructura en controversia en este caso fue construida sustancialmente con dinero del Sr. Sergio Colón Montañez y/o su sucesión y la han ocupado por más de 40 años por lo que en el negocio jurídico de venta judicial no se podía vender la estructura, si la misma pertenecía a la parte demandada.

Por todo lo anterior, este tribunal resuelve que la parte demandante no ha probado ser dueña de la estructura de la cual solicita el desahucio. Por lo que, se declara NO HA LUGAR a la solicitud de desahucio. Por la misma razón, se resuelve NO HA LUGAR a la solicitud de que se ordene a los demandados el pago de rentas por el uso y disfrute del inmueble desde el momento de la Venta Judicial, llevada a cabo el 7 de diciembre de 2018. En cuanto a la solicitud de reembolso de contribuciones pagadas por el demandante al Centro de Recaudaciones de Ingresos Municipales (CRIM) desde la Venta Judicial hasta el presente, se resuelve CON LUGAR dicha petición. Los demandados deberán reembolsar al demandante las contribuciones pagadas. La reconvención de los demandados se resuelve NO HA LUGAR. El tribunal entiende que el demandante no actuó de manera dolosa, culposa e intencional, planificando acciones para obtener un lucro injusto y beneficio ilegal a costa de los esfuerzos de los demandados, sino que estaba buscando un remedio a través de los tribunales para una situación que no fue creada por él y que a la misma vez afecta un derecho adquirido por él legítimamente a través de una venta judicial.

Inconforme con lo resuelto, la parte apelante presentó el recurso de epígrafe, donde realizó los siguientes señalamientos de error:

**Primer error:** Erró el Honorable Tribunal de Primera Instancia al no aplicar el principio de accesión a favor del apelante y adjudicar a los apelados la titularidad de la estructura objeto del presente litigio.

**Segundo error:** Erró el Honorable Tribunal de Primera Instancia al determinar como un hecho probado que el Tribunal de Apelaciones había resuelto la controversia en el caso KLAN202000102, aun cuando se desprende con claridad de esa Sentencia que específicamente dicha controversia no estaba siendo adjudicada.

El 18 de mayo de 2026, la parte apelante presentó *Alegato Suplementario de la Parte Apelante.*

Por otro lado, el 22 de mayo de 2026, las partes de epígrafe presentaron *Moción Conjunta sobre Transcripción de la Prueba Oral.* Por medio de esta, notificaron que la transcripción sometida el 18 de mayo de 2026 quedó estipulada por las partes.

Mediante *Resolución* emitida el 26 de mayo de 2026, acogimos la Transcripción de la Prueba Oral como estipulada por las partes. De igual forma, le concedimos a la parte apelada hasta el miércoles 17 de junio de 2026 para someter su alegato en oposición. Le apercibimos que, transcurrido el término dispuesto, se tendría el recurso por perfeccionado para su adjudicación final.

La parte apelada presentó el 1ro de junio de 2026, *Moción Urgentísima en Solicitud de Prórroga.*

Por medio de *Resolución* emitida el 2 de junio de 2026, declaramos No Ha Lugar la moción presentada por la parte apelada.

El 17 de junio de 2026, la parte apelada presentó *Oposición a Apelación.*

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

### A. *Deferencia Judicial*

Según es sabido, las determinaciones de hechos y de credibilidad del tribunal sentenciador deben ser merecedoras de gran deferencia por parte de los foros apelativos. *Argüello v. Argüello*, 155 DPR 62 (2001); *Hernández Maldonado v. Taco Maker*, 181 DPR 281 (2011); *SLG Rivera Carrasquillo v. AAA*, 117 DPR 345, 356 (2009); *Ortiz Ortiz v. Medtronic*, 209 DPR 759, 779 (2022).

Sin embargo, la deferencia judicial no es absoluta, pues podrá ser preterida en ciertas instancias. Nuestro Máximo Foro ha reiterado que, los tribunales apelativos "no debemos intervenir con

las determinaciones de los juzgadores de primera instancia, salvo que medie pasión, prejuicio, parcialidad o error manifiesto". *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007); *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 219 (2021); *SLG Rivera Carrasquillo v. AAA*, supra, pág. 356; *Ortiz Ortiz v. Medtronic*, supra, pág. 778, *Pueblo v. Hernández Doble*, 210 DPR 850, 864 (2022)[1].

No obstante, "[l]a tarea de determinar cuándo un tribunal ha abusado de su discreción no es una fácil. Empero, no tenemos duda de que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad". *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013)[2]. Es por lo que, nuestra más Alta Curia ha definido la discreción como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Así, la discreción se "nutr[e] de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". *SLG Zapata-Rivera v. J.F. Montalvo*, supra, pág. 435. Ello "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho". (Citas omitidas). *Íd.* citando a *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997).

## B. Desahucio

Respecto a la acción de desahucio, nuestro Máximo Foro ha expresado que esta es "el mecanismo que tiene el dueño o la dueña de un inmueble para recuperar la posesión de hecho de una propiedad, mediante el lanzamiento o expulsión del arrendatario o

---

[1] Véase también *Rodríguez et al. v. Hospital et al.*, 186 DPR 889, 908-909 (2012); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013).

[2] Véase, además, *Pueblo v. Rivera Montalvo*, 205 DPR 352, 373 (2020); *Umpierre Matos v. Juelle, Mejía*, 203 DPR 254, 275 (2019), citando a *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

precarista que la detenta sin pagar canon o merced alguna". *Cooperativa v. Colón Lebrón*, 203 DPR 812, 820 (2020); *SLG Ortiz-Mateo v. ELA*, 211 DPR 772 (2023); *Markovic v. Meldon y otro*, 2025 TSPR 99, pág. 7, 216 DPR ___ (2025). El desahucio puede ser solicitado mediante un proceso sumario u ordinario. *Adm. Vivienda Pública v. Vega Martínez,* 200 DPR 235, 240 (2018). El procedimiento de desahucio sumario está reglamentado por los Arts. 620-634 del Código de Enjuiciamiento Civil, 32 LPRA secs. 2821-2838. *Íd.*; *SLG Ortiz-Mateo v. ELA,* supra, pág. 799; *ATPR v. SLG Volmar-Mathieu,* 196 DPR 5, 9 (2016). El objetivo de la acción de desahucio es recuperar la posesión de hecho de un bien inmueble. *ATPR v. SLG Volmar-Mathieu,* supra, pág. 10. Según el Art. 620 del Código de Enjuiciamiento Civil, las personas que pueden instar una acción de desahucio son los dueños de la finca, sus apoderados, los usufructuarios o cualquier otro que tenga derecho a disfrutarla y sus causahabientes. 32 LPRA sec. 2821.

Cabe señalar que, una acción de desahucio en precario, no puede prosperar cuando existe un conflicto de título entre el demandante y el demandado. *Martínez Santiago v. Dalmau Andrades*, 93 DPR 191, 193 (1966). El conflicto de título únicamente puede existir "cuando el demandado opone un título de dominio que tienda a justificar que la posesión en que se halla no es la del arrendatario, administrador, custodio del inmueble o lo disfrute en concepto de precarista, es decir, sin título, por la tolerancia del dueño y sin satisfacer renta o merced alguna." *Íd.* Una mera alegación de título, desprovista de prueba, es insuficiente para derrotar una acción de desahucio. *Íd.*

Esbozada la normativa jurídica, procedemos a aplicarla al caso de epígrafe.

### III

En su primer señalamiento de error, la parte apelante sostiene que, el foro de primera instancia incidió al no aplicar el principio de accesión a favor del señor Alemán Roque y adjudicar a la parte apelante la titularidad de la estructura objeto del presente litigio.

Le adelantamos que, no le asiste la razón. Veamos.

Según reseñáramos, la parte apelante presentó una demanda sobre desahucio en contra de la parte apelada. En esencia, arguyó que, adquirió un terreno mediante venta judicial, y que, dentro de los predios de este existía una estructura que le pertenecía y que fue parte de la aludida venta. Por tanto, solicitó que la parte apelada desalojara dicha estructura residencial.

En respuesta, la parte apelada argumentó que, la propiedad no era parte de la venta judicial y que la misma le pertenecía.

Posteriormente, el foro de primera instancia emitió la *Sentencia* cuya revisión nos atiene. El foro *a quo* declaró No Ha Lugar la demanda de desahucio, y razonó que, no existía evidencia que la estructura que ocupa la parte apelada fuera parte del negocio jurídico de venta judicial. Asimismo, concluyó que, la parte apelante no demostró ser dueña de la estructura de la cual solicita el desahucio.

De acuerdo al derecho expuesto, la acción de desahucio es "el mecanismo que tiene el dueño o la dueña de un inmueble para recuperar la posesión de hecho de una propiedad, mediante el lanzamiento o expulsión del arrendatario o precarista que la detenta sin pagar canon o merced alguna".[3] El objetivo de una acción de desahucio es recuperar la posesión de hecho de un bien inmueble.[4]

---

[3] *Cooperativa v. Colón Lebrón,* supra, pág. 820; *Markovic v. Meldon y otro,* supra; *SLG Ortiz-Mateo v. ELA*, supra, pág. 799.
[4] *ATPR v. SLG Volmar-Mathieu,* supra, pág. 10.

Es necesario destacar que, una acción de desahucio en precario *no puede prosperar* cuando *existe un conflicto de título* entre el demandante y el demandado.[5]

Dado a que, el caso de epígrafe trata de una acción de desahucio, únicamente le correspondía al foro de primera instancia dilucidar si procedía otorgarle la posesión de hecho a la parte apelante. Bajo dicho supuesto, como bien resolvió el foro primario, la parte apelante no demostró ostentar titularidad sobre la estructura en cuestión. Por lo tanto, no procede que se declare con lugar la causa de acción de la parte apelante en este momento.

Cabe señalar que, cualquier controversia sobre la titularidad de las estructuras enclavadas en el terreno deberá resolverse en un pleito independiente. Hasta tanto no se resuelva dicha controversia, no procede una acción de desahucio.

En su segundo señalamiento de error, la parte apelante arguye que, el foro apelado erró al determinar como un hecho probado que, el Tribunal de Apelaciones había resuelto la controversia en el caso KLAN202000102 mediante *Sentencia*, pese a que se desprende de esta que, específicamente, dicha controversia no fue adjudicada.

Adelantamos que, le asiste la razón. Veamos.

En la *Sentencia* emitida por el foro primario, este último esbozó la siguiente determinación de hecho:

14. En la misma sentencia del Tribunal de Primera Instancia en el caso BY2019CV05083 se determinó que de los documentos que obran en el expediente se confirma que la estructura donde residen los demandados-reconvenientes no fue parte del negocio jurídico llevado a cabo por el demandante reconvenido. Lo anterior tomando en cuenta que la propiedad fue construida sustancialmente con dinero del [s]eñor Sergio Colón Montañez y/o su sucesión y la han ocupado por más de 40 años por lo que en el negocio jurídico de venta judicial no se podía vender la estructura, si la misma pertenecía a la parte demandada y reconvenida no a la

---

[5] *Martínez Santiago v. Dalmau Andrades*, pág. 193.

sucesión. Tal determinación fue posteriormente reiterada por el Tribunal de Apelaciones en el caso Núm. KLAN202000102.

El caso BY2019CV05083 trata de un procedimiento de desahucio sumario presentado por el señor Alemán Roque en contra de los aquí apelados. En dicho proceso, el foro de primera instancia declaró No Ha Lugar la demanda presentada por la parte apelante. Posteriormente, el señor Alemán Roque apeló dicha decisión en el caso KLAN202000102, donde este Tribunal de Apelaciones confirmó lo determinado por el foro *a quo*.

Al examinar la *Sentencia* emitida por este foro revisor en el caso KLAN202000102, pudimos constatar que, en el caso BY2019CV05083 el Tribunal de Primera Instancia determinó que no existía evidencia de que la estructura en controversia fuera parte de la venta judicial. En ese entonces, el foro primario resolvió que, debido a que el señor Alemán Roque no probó ser dueño de la estructura, procedía que se declarara No Ha Lugar la acción de desahucio.

Por otro lado, este Tribunal Apelativo resolvió que, ante la existencia de una controversia sobre la titularidad, el foro de primera instancia "[d]ebía abstenerse, como lo hizo, de resolver sobre asuntos propio de un juicio ordinario en el cual se pueda determinar con precisión dicha titularidad". De igual manera, explicó que, dado a que subsistía la controversia sobre la titularidad de las estructuras enclavadas en el terreno perteneciente a la parte apelante, procedía declarar No Ha Lugar la acción de desahucio. Aclaró, además que, no se adjudicó la controversia sobre quién es el titular de la estructura, solo que el vehículo procesal de la acción de desahucio no era el idóneo para dilucidar la controversia sobre la titularidad.

Según podemos observar, en el aludido caso no se le adjudicó titularidad a ninguna de las partes. Al contrario, ambos foros

coincidieron en que, no procedía declarar Ha Lugar la acción de desahucio al existir una controversia sobre la titularidad de la estructura y se promovió que dicha controversia fuera resuelta en otro pleito.

Aunque el Tribunal de Primera Instancia realizó dichas expresiones, no procede adjudicar titularidad en un procedimiento de desahucio.

Conforme lo anterior, incidió el foro primario al determinar que la controversia sobre titularidad fue adjudicada en el caso KLAN202000102.

Ahora bien, nos compete señalar que, procede confirmar la *Sentencia* del Tribunal de Primera Instancia, aunque por distintos fundamentos.

## IV

Por los fundamentos que anteceden, se *confirma* la *Sentencia* apelada, por distintos fundamentos.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


                          Lcda. Lilia M. Oquendo Solís
                        Secretaria del Tribunal de Apelaciones